IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DUSTIN J. MERRYFIELD,**

        **Plaintiff,**

    **v.**                                            **CASE NO. 07-3288-SAC**

**LEON SCHEARRER,**
**PAWNEE COUNTY SHERIFF,**

        **Defendant.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by a person involuntarily confined at Larned State Hospital (LSH) for participation in the Sexual Predator Treatment Program. Mr. Merryfield alleges he was committed by the McPherson County District Court. Named as defendant is Leon Schearrer, Sheriff of Pawnee County Kansas.

**FACTS AND CLAIMS**

As the factual basis for his complaint, plaintiff alleges the following. On November 16, 2007, he had a court hearing scheduled in Pawnee County, and "the Sheriff's Office" was "ordered to do the transport." When "the transport officer" arrived, plaintiff handed him a form[1] advising him of his "state, federal, and constitutional rights concerning transportation." The transport officer then sought advice from "his boss the undersheriff," who consulted with the judge and the local district attorney, and decided not to

---

[1] Plaintiff attaches the form in which he demanded not to be transported in restraints, and warned that doing so would constitute mistreatment of a confined and dependent person and result in criminal penalties under Kansas law.

transport Mr. Merryfield at that time[2]. Plaintiff missed his hearing on that date as a result, though he was "complacent" and never refused to be transported.

Plaintiff claims his federal constitutional rights "to be free from restraints," to the "least restrictive means," and to be free of excessive force were, and will continue to be, violated. Under "supporting facts" he cites 42 U.S.C. §§ 9501, 42 U.S.C. § 290ii, and Hydrick v. Hunter, 449 F.3d 978 (9th Cir. 2006)[3] as well as U.S. Constitutional Amendments 1, 5, 8, and 14. For relief, plaintiff seeks an Order requiring "the Pawnee County Sheriff's Department" to "follow and protect patient's rights at Larned State Hospital," to be disciplined according to the Kansas statutes and other applicable laws," and a formal apology from the undersheriff[4].

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff moves for leave to proceed without prepayment of fees (Docs. 2, 5, 7) and has submitted affidavits and financial records in support. The court finds he has insufficient funds to pay the filing fee, and shall grant this motion.

**MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff has filed a "Motion for Temporary Injunction" (Doc.

---

[2] The transport officer advised plaintiff he would be transported in restraints the following week.

[3] The order cited by plaintiff is no longer good law as it was amended and superseded by Hydrick v. Hunter, 466 F.3d 676 (9th Cir. 2006), which was then withdrawn and superseded by id, 500 F.3d 978 (9th Cir. 2007).

[4] Plaintiff's requests that a non-party state agency be disciplined and for an apology from another non-party are frivolous and denied as such.

4) in which he asks the court to order the "State of Kansas, Social and Rehabilitation Services" to provide free postage and copies of pleadings for legal cases as well as supplies including writing and mailing materials to meet court requirements.  Having considered the motion, the court finds it should be denied.  In the first place, "State of Kansas Social and Rehabilitation Service" is not a defendant in this action.  Thus, this court has no jurisdiction to issue an order compelling this state agency to act based upon the instant complaint.

Secondly, plaintiff makes no attempt to allege facts establishing the necessary factors for obtaining preliminary relief. To obtain a temporary restraining order or a preliminary injunction in federal court, the movant has the burden of establishing that:

> (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.

Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1198 (10th Cir. 1992); Schrier v. Univ. of Co., 427 F.3d 1253, 1258 (10th Cir. 2005).  A preliminary injunction is an extraordinary remedy and should only be granted when the moving party clearly and unequivocally establishes its necessity.  See U.S. ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc., 883 F.2d 886, 888-89 (10th Cir. 1989).  Plaintiff's motion falls far short of satisfying this heavy burden.  He has not shown a substantial likelihood of prevailing on the merits of either his motion or complaint and makes no allegations regarding an injury.

Plaintiff does not seek temporary relief based upon allegations

3

in his complaint. Instead, the motion is based only upon plaintiff's claim that he is being denied access to the courts because he is indigent and "forced to choose between necessary hygienic items or legal supplies." He asserts an entitlement to free legal supplies. To obtain relief based upon a claim of denial of access, an inmate must file a complaint stating facts in support of such a claim and naming as defendant(s) the person(s) who actually denied his requests for legal supplies.

Even if the court liberally construed this motion as a supplement or amendment to the complaint to add a denial of access claim, plaintiff fails to state sufficient facts in support. An inmate claiming denial of his right of access must satisfy the standing requirement of "actual injury" by showing that denial of legal resources has actually hindered his efforts to pursue a nonfrivolous claim. Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996). He may not simply allege a lack of legal materials, but must "go one step further and demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. Plaintiff alleges no facts showing actual injury. Furthermore, court records contradict any claim that plaintiff has been denied court access. Plaintiff has managed to file two actions in this court alone, and to submit voluminous materials in his other pending civil action (Merryfield v. Jordan, D.Kan. Case No. 07-3289). Thus, he has plainly been provided, rather than denied, access to this court. The court concludes that plaintiff's motion for preliminary injunctive relief shall be denied.

Plaintiff's request in his motion (Doc. 4) for this court to

4

order that he be provided with free writing materials, including copies and postage for all legal cases, is denied. It is based upon a claim of denial of access, and as noted, plaintiff has not alleged sufficient facts to support such a claim.

**SCREENING**

Because plaintiff proceeds in forma pauperis, the litigation process begins with the court screening his complaint. See <u>Lister v. Department of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005); <u>McGore v.Wrigglesworth</u>, 114 F.3d 601, 608 (6th Cir. 1997)(In contrast to 28 U.S.C. § 1915A, § 1915(e) is not restricted to actions brought by prisoners)(overruled on other grounds by <u>Jones v. Bock</u>, 549 U.S. 199 (2007); <u>Lopez v. Smith</u>[5], 203 F.3d 1122, 1126 (9th Cir. 2000)(Although in forma pauperis provisions in the PLRA were intended to cut down on prisoner lawsuits, § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.). 28 U.S.C. § 1915(e)(2)(B)(ii)[6] provides that "the court shall

---

[5] The Ninth Circuit Court of Appeals explained in <u>Lopez</u>:

The PLRA contains several provisions that require district courts to screen lawsuits filed by prisoners and to dismiss those suits sua sponte under certain circumstances. Among these provisions is section 804(a)(5), which is codified as part of the in forma pauperis statute at 28 U.S.C. § 1915(e)(2).

* * *

The other provisions are codified at 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). While section 1915(e) applies to all in forma pauperis complaints, section 1915A applies only to actions in which a prisoner seeks redress from a governmental entity or employee. Section 1997e(c) applies to prisoner complaints specifically challenging prison conditions. All three of the provisions direct district courts to dismiss a complaint that fails to state a claim upon which relief may be granted.

[6] Plaintiff is not technically a "prisoner" as defined in the PLRA. It has been held that the exhaustion, full/initial partial payment, and three-strikes provisions of the current in forma pauperis statutes do not apply to in forma pauperis litigants who are not prisoners. Nevertheless, several courts including

dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief can be granted." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999). Under § 1915(e), the district court may screen the complaint prior to service on the defendants, and must dismiss the complaint at any time if it fails to state a claim.[7] Even if it were settled law that § 1915(e) applies only to complaints filed by prison inmates, this court would still screen the complaint herein under pre-PLRA case law based upon the prior in forma pauperis statute, 28 U.S.C. § 1915(d)[8]. Having screened the materials filed by plaintiff, the court concludes that the complaint should be dismissed for reasons that follow. Plaintiff will be given time to show cause why his complaint should not be dismissed.

---

the Tenth Circuit have applied this subsection, which does not refer to prisoners, to suits brought by non prisoners.

[7] 28 U.S.C. § 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal--
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

[8] In Neitzke v. Williams, 490 U.S. 319, 325 (1989), the U.S. Supreme Court noted:

> 28 U.S.C. § 1915(d), the precursor to § 1915(e), was designed largely to discourage the filing of baseless lawsuits, along with the resulting waste of judicial resources, that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under FRCP Rule 11. To this end, the statute grants courts the authority to dismiss a claim based on an indisputably meritless legal theory, and the unusual power "to pierce the veil" of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 324, 327.

6

**FAILURE TO ALLEGE PERSONAL PARTICIPATION OF DEFENDANT**

It is beyond dispute that "for liability to arise under [Section] 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." Kentucky v. Graham, 473 U.S. 159, 166 (1985)(A showing that defendant's personal participation caused the deprivation of a federal right is essential to a § 1983 action.); Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006); Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). The doctrine of respondeat superior does not apply so a prisoner may not obtain § 1983 relief from an official based solely on his capacity as supervisor. See Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000).

Plaintiff names Leon Schearrer as the only defendant, and alleges he acted in his official capacity[9]. He does not describe any personal acts or inactions by defendant Schearrer. He does not allege that Schearrer was present when "the transport officer" appeared or that Schearrer personally participated in the decision either to insist on restraints during transfer or to forego transporting plaintiff on the day in question[10]. He does not name as a defendant the "transport officer" actually involved.

---

[9] Plaintiff alleges defendant is "employed by the State of Kansas," and was acting in his "official capacity as an employee of the United States." Defendant is not an employee of the United States.

[10] Plaintiff does not even request relief from defendant Schearrer. Instead, he asks the court to order the Pawnee County Sheriff's Department, an entity which is neither a party nor a proper defendant in this action, to follow and protect patients' rights at LSH. This generic claim for relief is not warranted by the factual allegations in the complaint.

7

**FAILURE TO STATE A CLAIM**

At the outset, the court observes plaintiff does not even allege that he was placed in restraints on November 16, 2007. In fact, he alleges the opposite - that he was not restrained for transport to court. Thus, it is not at all clear that plaintiff has pled a factual incident to support his clearly intended claim that he has a constitutional right not to be placed in restraints for transport to court. The court finds the facts alleged by Mr. Merryfield in his complaint, if proven, would not entitle him to relief on his intended claim.

The court also finds that even if plaintiff alleged facts indicating he was actually placed in restraints for the purpose of transport to court, those facts, without more, fail to state a federal constitutional violation. Plaintiff does not describe and attack a specific policy established for transporting civil detainees in restraints. He does not allege that the incident in question arose due to a policy and name as defendant the person or persons responsible for that policy[11]. Without these facts, plaintiff's allegations are more fittingly categorized as a conditions of confinement claim. However, even if plaintiff clearly attacked a particular policy, the claim that an institution's policy of transporting detainees in restraints is unconstitutional[12] would fail under the same standards as plaintiff's complaint that he was subjected to the unconstitutional condition of being forced to wear

---

[11] The court assumes that at the time the incident arose, plaintiff was confined at LSH.

[12] To state a claim for relief under 42 U.S.C. § 1983, plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States." West v. Atkins, 487 U.S. 42, 48 (1988).

restraints for transport to court on a certain day.

Those standards include that prison administrators are to be accorded wide-ranging deference in the adoption and execution of a policy or practice that in their judgment is needed to preserve order, discipline, or security. Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 128 (1977). "Such considerations are peculiarly within the province and professional expertise of corrections officials[13], and in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Pell v. Procunier, 417 U.S. 817, 827 (1974). The Supreme Court has also held that, "Due process requires that a pretrial detainee[14] not be punished." Bell v. Wolfish, 441 U.S. 520, 535 (1979). The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose. Id. at 520, 535, 538 FN 16. Sexually violent predators like other civil detainees and prison inmates are unquestionably subject to

---

[13] "[C]ourts should defer to the informed discretion of prison administrators because the realities of running a corrections institution are complex and difficult, courts are ill equipped to deal with these problems, and the management of these facilities is confided to the Executive and Legislative Branches, not to the Judicial Branch." Bell, 441 U.S. at 548, FN 29, citing see Jones, 433 U.S. at 126; Pell, 417 U.S. at 827. While the cited "cases each concerned restrictions governing convicted inmates, the principle of deference enunciated in them is not dependent on that happenstance." Bell, 441 U.S. at 548.

[14] "Sexually Violent Predators" in Kansas have been civilly committed subsequent to criminal convictions and service of their sentences and have been adjudged in a civil proceeding to pose a danger to the health and safety of others. Their rights may not necessarily be coexistensive with those of all other civilly detained persons; however, courts often rely on case law involving other civil detainees as well as pretrial detainees when considering their claims. See Hydrick v. Hunter, 500 F.3d 978, 990 (9th Cir. 2007).

9

security measures typically employed by corrections officials. Bell, 441 U.S. at 540; Allen v. Illinois, 478 U.S. 364, 373-74 (1986)(Detainees may "be subjected to conditions that advance goals such as preventing escape and assuring the safety of others, even though they may not be punished."); Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir.), cert. denied, 540 U.S. 985 (2003); Thielman v. Leean, 282 F.3d 478, 483 (7th cir. 2002). As the Supreme Court stated in Bell, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting . . . ." Bell, 441 U.S. at 540. "Ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both." Id. at 561.

Under a somewhat different but often intertwined analysis, the Supreme Court has also held that the "professional judgment" standard is the appropriate test for balancing an individual's and the State's interests and for insuring that "interference by the federal judiciary with the internal operations of [state] institutions" is "minimized." Youngberg v. Romeo, 457 U.S. 307, 322 (1982). The Court explained that when evaluating whether an involuntarily committed person's rights have been violated, courts must show deference to the decisions of professionals:

> [T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.

Youngberg, 457 U.S. at 323 (footnote & citations omitted); see also

Atwood v. Vilsack, 338 F.Supp.2d 985, 1007 (S.D. Iowa 2004), *citing* Bell, 441 U.S. at 538; Laxton v. Watters, 348 F.Supp.2d 1024, 1029 (W.D. Wis. 2004).

Applying this long-standing Supreme Court precedent to the facts alleged by plaintiff, the court finds that the challenged condition of requiring restraints during transportation, is not, without more, unconstitutional punishment for the reason that it obviously "bear(s) some reasonable relation to the purpose for which persons are committed."[15]  See Seling v. Young, 531 U.S. 250, 265 (2001).  If professional judgment leads to the conclusion that restraints are necessary for the well-being of the detainee or others, then the Constitution permits those devices[16]. Cf. Bell, 441 U.S. at 539-40 (similar conclusion with respect to pretrial detainees, who like civil detainees are held for reasons other than punishment); Seling, 531 U.S. at 265; see West v. Schwebke, 333 F.3d 745, 748 (7th Cir. 2003).  In a case similar to the instant case in many respects, another district court found upon a motion for summary judgment:

> Plaintiff has not adduced a single piece of evidence to show that the Wisconsin Resource Center's transportation policy represents a substantial departure from accepted professional judgment, practice or standards or that it is so excessive in relation to the institution's security concerns as to be tantamount to punishment.

Thielman v. Leean, 140 F.Supp.2d 982, 992 (W.D.Wis. 2001), aff'd,

---

[15] The obvious legitimate reason for confining pretrial detainees is to "ensure their presence" at trial. In addition, there "is no doubt that preventing danger to the community is a legitimate regulatory goal." United States v. Salerno, 481 U.S. 739, 747-48 (1987). Effective management of the detention facility is also a valid government objective. Bell, 441 U.S. at 540.

[16] The court considers plaintiff's claims that he is being subjected to excessive force and punishment under the due process clause of the Fourteenth Amendment. See Hydrick, 500 F.3d at 994, *citing* Bell, 441 U.S. at 535 FN 16.

282 F.3d at 478.

In this case, Mr. Merryfield alleges no facts whatsoever in his complaint which, if supported by evidence, would entitle him to relief under either the professional judgment or the punishment analysis. He alleges no facts suggesting professional judgment was not exercised in either developing a general transport policy regarding civilly committed persons attending court proceedings, or in making the specific decision concerning his transport on November 16, 2007. Nor does he allege facts indicating that the decision that day or a particular transport policy is contrary to established professional standards. He also fails to allege any facts from which a jury might find that the condition of restraints for transport was imposed for the purpose of punishment or was an "exaggerated response." Moreover, plaintiff alleges no facts indicating the use of restraints during transport for court proceedings is not rationally related to a legitimate governmental purpose. See Riddle v. Mondragon, 83 F.3d 1197, 1207 (10th Cir. 1996); White v. Colorado, 157 F.3d 1226, 1234 (10th Cir. 1998), cert. denied, 526 U.S. 1008 (1999); Curley v. Perry, 246 F.3d 1278, 1285 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

Plaintiff asserts he has a "right to be free from restraints." He argues that requiring restraints during transport amounts to excessive force and is not the "least restrictive means." Plaintiff makes no allegation that handcuffs or shackles were applied to his wrists or ankles too tightly. He alleges no facts from which it could be determined that defendant applied restraints as a means of "punishing" him, particularly given he was not even placed in restraints. It logically follows that plaintiff cannot allege that

he was in restraints for an extended period of time or suffered any pain from being in restraints[17]. Plaintiff simply objects to being required to wear handcuffs and restraints at all. The mere fact that Mr. Merryfield was subject to transport in restraints does not justify an inference that he was subjected to unconstitutional punishment.[18]  He does not even allege that restraints used during transport in the past or often are painful or result in injury. Plaintiff's allegations simply do not rise to the level of stating a violation of his Fourteenth Amendment rights.  The court concludes that the facts alleged in support of plaintiff's claim of a right to be transported without restraints are insufficient to state a federal constitutional violation.

The court further finds that convincing legal authority is contrary to plaintiff's legal claim of a per se right to be free of restraints during transport.  Courts have long upheld the reasoned use of restraints for security purposes.  See e.g., Miller v. Glanz, 948 F.2d 1562, 1569-70 (10th Cir. 1991)("[C]uffing plaintiff in an

---

[17] Plaintiff does not allege facts in this case similar to those in exceptional cases finding restraint use illegal under certain circumstances. Medical review or treatment has generally been required in connection with the use of restraints when the restraints were severe, injurious, and/or for extended periods. See e.g., Jones v. Thompson, 818 F.Supp. 1263 (S.D.Ind. 1993); Benjamin v. Fraser, 264 F.3d 175, 189 (2nd Cir. 2001)(Detainees placed in "Red I.D." or restraint status should promptly thereafter be accorded due process hearings in accordance with Wolff v. McDonnell, 418 U.S. 539 (1974).).

[18] Conditions claims of SVPs have also been analyzed under Sandin v. Conner, 515 U.S. 472, 484 (1995), although some courts have held that Sandin is inapplicable.  In Sandin, the U.S. Supreme Court held that a state could not create a liberty interest unless the right provided freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  The Seventh Circuit in Thielman, 282 F.3d at 482, applied Sandin to the claim of excessive use of bodily restraints on SVPs, and concluded it was not the kind of deprivation that could trigger federal due process protection.  Id.  Plaintiff does not allege facts indicating the use of restraints for transport by the Pawnee County Sheriff's Department is atypical in relation to the ordinary incidents of his civil confinement.

awkward position for almost two hours did not cause severe pain or lasting injury required to amount to an 8th Amendment violation".); Moody v. Proctor, 986 F.2d 239, 241 (8th Cir. 1993)(Use of handcuffs, shackles, and a waist chain outside prison did not violate 8th Amendment.); Knox v. McGinnis, 998 F.2d 1405, 1410 (7th Cir. 1993)(Additional restraint is justified "by the greater risk of escape when prisoners are outside the institution and the reduced number of guards available to oversee the prisoners during those journeys."); Jackson v. Cain, 864 F.2d 1235, 1243-44 (5th Cir. 1989); Carmony v. County of Sacramento, 2008 WL 435343 (E.D. Cal. Feb. 14, 2008)(A per se challenge to the use of restraints and handcuffs during transport does not state a colorable excessive force claim.)(cited for reasoning).

**NO ACTUAL INJURY**

Plaintiff alleges only one set of facts, the occurrence in November 2007. He does not even bother to allege any facts indicating severe pain or personal injury was suffered by him as a result of this incident or any conduct by the named defendant. See Miller v. Glanz, 948 F.2d at 1570. He was not placed in restraints on this occasion. He does not describe any other instance when he was injured as a result of being placed in restraints.

The court is mindful that plaintiff is not requesting damages for past injuries, but is mainly seeking injunctive relief, albeit to "protect patient's rights at Larned State Hospital." In such a case, "to satisfy Article III's 'case or controversy' requirement, plaintiff "must show either that the injuries he complains of are continuing or that he is under the immediate threat that the

14

injuries complained of will be repeated." See Thielman, 140 F.Supp.2d at 985. The United States Supreme Court has explained: "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Plaintiff's allegations do not establish exposure to past illegal conduct causing injury, and his bald statements that his rights will continue to be violated are not supported by any factual allegations showing continuing adverse effects.

The law excludes from constitutional recognition de minimis uses of physical force. Hudson v. McMillan, 503 U.S. 1, 9-10 (1992); Bell, 441 U.S. at 539 FN 21 (A de minimis level of imposition does not rise to the level of a constitutional violation.); Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996)(citations omitted). Plaintiff does not allege any use of force or resulting injury.

**OTHER LEGAL CLAIMS**

The facts alleged by plaintiff likewise utterly fail to support any of his other bald legal assertions[19]. Plaintiff also asserts his rights under the First, Fifth, and Eighth Amendments were violated. However, he does not explain how the event upon which this complaint is based violated any of these constitutional provisions. He does not describe how his freedoms protected by the First Amendment were

---

[19] Plaintiff's listing in his motion and complaint of Constitutional Amendments, a federal statute, the Kansas Bill of Rights, and several cases with no discussion or suggestion as to how this legal authority relates to the incident described in his pleadings provides no factual or legal support for his claims.

15

infringed.  His claims have been properly analyzed under the due process clause of the Fourteenth, rather than the Fifth, Amendment. No claim is stated under the Eighth Amendment[20].

Plaintiff also has no cause of action by virtue of the two federal statutes he cites.  42 U.S.C. § 9501 sets forth recommended standards for treatment of patients in health care facilities receiving federal funds and 42 U.S.C. § 290ii is similarly a regulatory provision.  Text is not cited from either of these acts providing any indication that Congress intended to create substantive federal rights that may be enforced in a private action under Section 1983.  See Gonzaga University v. Doe, 536 U.S. 273, 280-282 (2002)(To seek redress through § 1983, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal law.); see also Croft v. Harder, 730 F.Supp. 342, 349-50 (1989), aff'd 927 F.2d 1163 (10th Cir. 1991); Neiberger v. Hawkins, 208 F.R.D. 301, 310 (D.Colo. 2002); cf., Ellison v. Cocke County, Tenn., 63 F.3d 467, 470 (6th Cir. 1995).

Whether the requirement of restraints by the Pawnee County Sheriff's Department violated a state statute is a question for the Kansas courts.  To the extent plaintiff seeks relief for alleged violations of Kansas statutes, he states no cognizable claim under § 1983.  Gaines v. Stenseng, 292 F.3d 1222, 1225 (10th Cir. 2002);

---

[20]    "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Ingraham v. Wright, 430 U.S. 651, 671-672 FN 40 (1977).  Plaintiff is not serving a criminal sentence.  In any event, when excessive force is alleged such as in the context of a prison disturbance, the subjective inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Plaintiff alleges no facts showing force was applied or that defendant took any action "maliciously and sadistically to cause harm."

16

see Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Because plaintiff is proceeding pro se the court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.  The court may not supply additional facts not alleged or construct a legal theory on plaintiff's behalf. Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  A claim or action is frivolous if it is based on "an indisputably meritless legal theory," or "clearly baseless" factual contentions. Neitzke, 490 U.S. at 327.  The court finds plaintiff's claim of a constitutional violation in his complaint rests upon clearly baseless factual contentions and an indisputably meritless legal theory.  Plaintiff shall be given time to show cause why this action should not be dismissed as frivolous and for failure to state a claim.

**IT IS THEREFORE ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Docs. 2, 5, and 7) are granted, and plaintiff's Motion for Temporary Injunction (Doc. 4) is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 25th day of September, 2008, at Topeka, Kansas.

17

<u>s/Sam A. Crow</u>  
U. S. Senior District Judge