```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DUSTIN J. MERRYFIELD,**

                   **Plaintiff,**

        **v.**                                **CASE NO.  07-3288-SAC**

**LEON SCHEARRER,**
**et al.,**

                   **Defendants.**

### O R D E R

On September 25, 2008, the court entered an Order requiring plaintiff to show cause why this action should not be dismissed for the reasons stated therein.  Plaintiff has since simultaneously filed a "Motion to Show Cause" (Doc. 12) and a "Motion to Amend Complaint" (Doc. 13).  Having considered the materials filed by plaintiff, the court finds as follows.

In his Motion to Show Cause, plaintiff asks the court to grant his Motion to Amend and accept his Amended Complaint as his response to the court's Order to show cause.  The court agrees that filing a Motion to Amend was an appropriate response to its Order.  Accordingly, the court grants plaintiff's Motion to Show Cause (Doc. 12), and grants his Motion to Amend Complaint (Doc. 13).  The court shall order that plaintiff's Amended Complaint be filed, and accepts the Amended Complaint as his response.

**FACTS**

In his Amended Complaint, plaintiff drops Leon Schearrer, Pawnee County Sheriff, as defendant and names instead "Pawnee County Sheriff's Office" and "Larned State Hospital."  He now

alleges the following facts as the basis for his complaint. During plaintiff's confinement at the Larned State Hospital (LSH) for participation in the Sexual Predator Treatment Program, he was tried for a felony offense "committed while in the program." On November 16, 2007, he had a court hearing scheduled on that offense in Pawnee County District Court. The Pawnee County Sheriff's Office was "ordered to do the transport." When the "transport officer" arrived, plaintiff handed him a form, a copy of which is attached to the Amended Complaint. Motion to Amend (Doc. 13), Attachment, Exhibit A. The form is entitled "Notice of Patients Rights" and advises of Mr. Merryfield's beliefs that he had the right not to be transported in restraints and that consequences for violating that right included criminal charges under Kansas law. Kansas and federal statutes are cited in the form. Plaintiff was informed by "the Undersheriff" that "their policies clearly require restraints." Exhibit B attached to the Amended Complaint is the Sheriff's written policies providing that "all inmates being transported outside the jail will be restrained by belly chains, handcuffs, and leg irons." Id., Exhibit B. The policies also provide that "All prisoners will wear handcuffs and leg irons to and from court." The stated "purpose" of using handcuffs during transport is "to reduce the possibility of the prisoner causing harm to the officer, himself, or damage to the transport vehicles," and "to reduce the possibility of escape." An employee of Larned State Hospital who was present at the incident phoned Leo Herrman, apparently another LSH employee, to see what to do and was told by Herrman that plaintiff "would not go out the door without restraints of some kind." Plaintiff was not transported to court

that day, but sheriff's officers advised they would return in a week.  Plaintiff also alleges that "one time he was denied the ability to go to court and the court issued a bench warrant for him, and that on February 15, April 18, and May 16 of 2008, he was transported "by the Pawnee County Sheriff" in restraints, despite his protests and citation of "the law."  Plaintiff alleges that he has logged over 200 trips from the facility with no incidents, and was calm and complacent at all times during each transport.

**CLAIMS AND REQUESTED RELIEF**

Plaintiff claims that he has a right to be transported without restraints because he is a civilly committed person, not a criminal, and he has provided no immediate reason for defendants to require restraints[1] while transporting him.  He cites 42 U.S.C. § 290ii, 42 U.S.C. § 9501, and K.S.A. § 59-2970 and 59-2977 as legal authority for his claim that he has a right to no restraints[2].  He asserts that he was not provided due process before this right was

---

[1] The United States Supreme Court has held that routinely placing a criminal defendant in shackles visible to a jury, without a special need, violates Due Process.  Deck v. Missouri, 544 U.S. 622 (2005).  This court has found no similar Supreme Court or Tenth Circuit precedent with regard to shackles used for transport of a criminal defendant to and from court proceedings or of a person confined pursuant to a finding of dangerousness for other purposes.  The considerations found by the Supreme Court in Deck to "militate against the routine use" of shackles during trial proceedings were their visibly undermining the presumption of innocence, interference with defendant's right to secure a meaningful defense, and affront to courtroom decorum.  Id. at 632.  Those considerations are not at play in the circumstances underlying plaintiff's claim herein.  Nor is plaintiff seeking "quite literally freedom not to be physically strapped to a bed," see Foucha v. Louisiana, 504 U.S. 71, 118, FN12 (1992); or being subjected to anything like the "hog-tie restraint." Weigel v. Broad, 544 F.3d 1143, (10th Cir. 2008).

[2] In the court's prior Order, this statutory authority was rejected as a legal basis for this § 1983 complaint.  Plaintiff was informed that these two federal statutes do not provide him with a private cause of action, and that any claim of a violation of state law is not cognizable under § 1983.

taken by defendants. He also asserts that placing him in restraints is "an excessive use of force."

Plaintiff asks the court to punish the Pawnee County Sheriff's Office, require the undersheriff to make a formal apology, and require the Pawnee County Sheriff's Office to "follow the law." He further asks the court to order both defendants to "ensure patient's rights are protected."

## DISCUSSION

The court finds that plaintiff has cured some noted deficiencies in his original complaint by plainly setting forth the policy of the Sheriff's Department and stating facts indicating he has been transported in restraints pursuant to that policy in his Amended Complaint. However, as plaintiff was informed in the court's prior Order, even if he "alleged facts indicating he was actually placed in restraints for the purpose of transport to court, those facts, without more, fail to state a federal constitutional claim." Moreover, even if he "attacked a particular policy," his claim that a policy of transporting detainees in restraints is per se unconstitutional fails under the applicable legal standards set forth in the court's prior Order. Plaintiff's naming of different defendants, and the additional facts he alleges do not show cause why his claims should not be dismissed for failure to state a federal constitutional violation for the reasons stated in the court's Order of September 25, 2008.

The additional facts alleged by plaintiff are still insufficient to support a claim of punishment without due process. Plaintiff exhibits the printed restraint policies of the Pawnee

4

County Sheriff's Office, which include its purposes. He provides no arguments or facts suggesting the purposes are illegitimate or exaggerated. The stated purposes expressly "advance goals such as preventing escape and assuring the safety of others." As the United Supreme Court has held:

> "[T]he proper standard for determining the validity of a (jail) regulation claimed to infringe on a (detainee's) constitutional rights is to ask whether the regulation is 'reasonably related to legitimate penological interests."

Washington v. Harper, 494 U.S. 210, 224 (1990), *citing* Turner v. Safley, 482 U.S. 78, 89 (1987). Under this standard, the facts alleged by plaintiff regarding the sheriff's transport policies, even taken as true and liberally construed, do not indicate those policies fail to comport with constitutional requirements. Id. There can be little doubt as to both the legitimacy and the importance of the governmental interests expressed in the policy. In the words of the Supreme Court:

> There are few cases in which the State's interest in combating the danger posed by a person to both himself and others is greater than in a prison environment, which, "by definition," is made up of persons with "a demonstrated proclivity for antisocial criminal, and often violent, conduct."

Id. at 225, *citing* Hudson v. Palmer, 468 U.S. 517, 526 (1984); Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 132 (1977); Wolff v. McDonnell, 418 U.S. 539, 561-562 (1974). The Court's rationale applies to the transport of sexually violent predators as well as inmates, since both, "by definition," are persons with "a demonstrated proclivity for antisocial criminal, and often violent, conduct." Id. Plaintiff still alleges no facts whatsoever suggesting the transportation policy in question

"represents a substantial departure from accepted professional judgment, practice or standards or that it is so excessive in relation to" the agency's "security concerns as to be tantamount to punishment." See Thielman v. Leean, 140 F.Supp.2d 982, 992 (W.D.Wis. 2001), aff'd, 282 F.3d 478 (7th Cir. 2002).

Furthermore, plaintiff alleges no additional facts that support his claim of excessive force. He still alleges neither significant injury nor malicious intent. A plaintiff alleging excessive force but not "significant injury," must present facts showing that the defendant "maliciously and sadistically use[d] force to cause harm." Id., at 9. Mr. Merryfield alleges no facts indicating that a state official's use of force upon him was "objectively unreasonable" and that the official's intent was for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992). Accepting the facts that are alleged by plaintiff in his Amended Complaint as true, the court finds plaintiff's allegations simply do not rise to the level of a federal constitutional violation. See Sanders v. Hopkins, 131 F.3d 152 ((10th Cir. Dec. 5, 1997, unpublished)[3]. For these reasons and those stated in the court's prior Order dated September 25, 2008, the court concludes that this complaint must be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Show Cause (Doc. 12) and Motion to Amend Complaint (Doc. 13) are granted as discussed herein, and plaintiff's Amended Complaint attached to his "Motion to Amend Complaint" (Doc. 13) shall be copied and filed

---

[3] A copy of this opinion is attached in compliance with rules of the Tenth Circuit Court of Appeals.

by the clerk of the court as plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that this action is dismissed for failure to state facts in support of a claim of federal constitutional violation, and all relief is denied.

**IT IS SO ORDERED**.

Dated this 18th day of December, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

7